United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 13-10698-jkf
Doralene H. Govan                                                     Chapter 13
Jonathan C. Davis
        Debtors

## CERTIFICATE OF NOTICE

District/off: 0313-2            User: admin             Page 1 of 2            Date Rcvd: Jul 06, 2018
                                Form ID: 3180W          Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 08, 2018.
```
db/jdb         +Doralene H. Govan,    Jonathan C. Davis,    742 Hamilton Street,    Lancaster, PA 17602-2172
13105714        Goldman Sachs Mortgage Company,    c/o Ocwen Loan Servicing, LLC,    Attn: Bankruptcy Department,
                 P.O. Box 24605,    West Palm Beach, FL 33416-4605
13849675        MTGLQ Investors, L.P.,    c/o Rushmore Loan Management Services,    P.O. Box 52708,
                 Irvine, CA 92619-2708
13255292       +Mitchell A. Sommers, Esquire,    107 West Main Street,    Ephrata, PA 17522-2014
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Jul 07 2018 01:32:45     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 07 2018 01:32:10
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 07 2018 01:32:42     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13041435       +EDI: ACCE.COM Jul 07 2018 05:28:00      Asset Acceptance LLC,    Po Box 2036,
                 Warren MI 48090-2036
12963590       +E-mail/Text: bankruptcy@cavps.com Jul 07 2018 01:32:39     Cavalry Portfolio Services,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2322
13084711        EDI: RESURGENT.COM Jul 07 2018 05:28:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of Arrow Financial Services,,    LLC,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
13084715        EDI: RESURGENT.COM Jul 07 2018 05:28:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of North Star Capital,    Acquisition LLC,    Resurgent Capital Services,
                 PO Box 10587,    Greenville, SC 29603-0587
13000784        E-mail/Text: blegal@phfa.org Jul 07 2018 01:32:32      PHFA/HEMAP,    211 NORTH FRONT ST,
                 PO BOX 8029,    HARRISBURG, PA 17105
13084710       +EDI: RESURGENT.COM Jul 07 2018 05:28:00      PYOD, LLC its successors and assigns as assignee,
                 of General Electric Capital Corporation,    Resurgent Capital Services,    PO Box 19008,
                 Greenville, SC 29602-9008
                                                                                               TOTAL: 9
```

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 08, 2018                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 5, 2018 at the address(es) listed below:
```
              DAVID   NEEREN    on behalf of Creditor    MTGLQ Investors, L.P. dneeren@udren.com,
               vbarber@udren.com
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
              JADA S. GREENHOWE    on behalf of Creditor    PHFA-HEMAP jgreenhowe@phfa.org
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    GOLDMAN SACHS MORTGAGE COMPANY
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    MTGLQ Investors, L.P. bkgroup@kmllawgroup.com
              MITCHELL A. SOMMERS    on behalf of Debtor Doralene H. Govan sommersesq@aol.com, kjober@ptd.net
              MITCHELL A. SOMMERS    on behalf of Plaintiff Doralene H. Govan sommersesq@aol.com, kjober@ptd.net
              MITCHELL A. SOMMERS    on behalf of Joint Debtor Jonathan C. Davis sommersesq@aol.com,
               kjober@ptd.net
              MITCHELL A. SOMMERS    on behalf of Plaintiff Jonathan C. Davis sommersesq@aol.com, kjober@ptd.net
```

```
District/off: 0313-2           User: admin              Page 2 of 2                   Date Rcvd: Jul 06, 2018
                               Form ID: 3180W           Total Noticed: 13
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
        SALVATORE   CAROLLO    on behalf of Creditor    Ocwen Loan Servicing, LLC ldoyle@udren.com, cblack@udren.com
        SALVATORE   CAROLLO    on behalf of Creditor    Goldman Sachs Mortgage Company ldoyle@udren.com, cblack@udren.com
        SHERRI J. Smith    on behalf of Creditor    Goldman Sachs Mortgage Company sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com
        THOMAS I. PULEO    on behalf of Creditor    MTGLQ INVESTORS, L.P. tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

        TOTAL: 15

Case 13-10698-jkf    Doc 104    Filed 07/08/18    Entered 07/09/18 00:55:20    Desc
Imaged Certificate of Notice    Page 2 of 4

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Doralene H. Govan** | Social Security number or ITIN **xxx–xx–7614** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Jonathan C. Davis** | Social Security number or ITIN **xxx–xx–0489** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **13–10698–jkf** | |

# Order of Discharge                                                                                     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Doralene H. Govan                                  Jonathan C. Davis

_7/5/18_                                           **By the court:**   Jean K. FitzSimon
                                                                       United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**